Gregg A. Paradise
Daniela Caro-Esposito
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
20 Commerce Dr.
Cranford, NJ 07016
Tel:   908.654.5000
Fax:  908.654.7866

*Attorneys for Plaintiff World Media Group, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD MEDIA GROUP, LLC, : | |
| : | EFC CASE |
| Plaintiff, : | |
| v. : | Civil Action No. |
| : | |
| EDIBLE ARRANGEMENTS, LLC, EDIBLE : | |
| BRANDS, LLC, EDIBLE ARRANGEMENTS : | |
| INTERNATIONAL, INC. d/b/a "EDIBLE : | |
| ARRANGEMENTS INTERNATIONAL, LLC"  x | |
| and NETSOLACE, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff World Media Group, by way of complaint against defendants Edible Arrangements, LLC, Edible Brands, LLC, Edible Arrangements International, Inc. d/b/a "Edible Arrangements International, LLC" and Netsolace, Inc. allege and aver as follows:

## JURISDICTION AND VENUE

1. This is an action in which Plaintiff is seeking pecuniary and injunctive relief from acts of Defendants arising under the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. § 1051 *et seq*, and for related claims of unfair competition under the common law of the State of New Jersey arising out of the same operative facts. Defendants' illegal acts

have infringed on USPTO awarded trademarks, irreparably harmed the goodwill, reputation, and brand equity of World Media, and have caused World Media significant damage.

2. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. §§ 1116(a) and 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the Trademark Laws of the United States.

3. This Court has supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367.

4. Upon information and belief, Defendants purport to be and are actively engaged in promoting, advertising, marketing, or offering their services and/or doing business within this judicial district.

5. Upon information and belief this Court has, and at all relevant times has had, personal jurisdiction over Defendants pursuant to the law of the State of New Jersey and Rule 4 of the Federal Rules of Civil Procedure.

6. The claims alleged in this Complaint arise in the State of New Jersey.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

8. Plaintiff World Media Group, LLC ("World Media") is a New Jersey limited liability company with its sole place of business in the State of New Jersey, located at 25 Mountainview Boulevard, Suite 206, Basking Ridge, New Jersey 07920.

9. Upon information and belief, Defendant Edible Arrangements, LLC ("Edible Arrangements") is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Atlanta, Georgia 30328.

10. Upon information and belief, Defendant Edible Brands, LLC ("Edible Brands") is a Delaware limited liability company with a principal place of business at 980 Hammond Drive,

Suite 1000, Atlanta, Georgia 30328. Further, Edible Brands is believed to be the parent company of Edible Arrangements.

11. Upon information and belief, Defendant Edible Arrangements International, Inc. d/b/a "Edible Arrangements International, LLC" ("Edible Arrangements International") is incorporated in Connecticut and has a principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492.

12. Upon information and belief, Defendant Netsolace, Inc. ("Netsolace") is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328.

13. Upon information and belief, Defendants are members of Farids Family of Companies, which has a principal place of business at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328.

## BACKGROUND FACTS

14. World Media is a New Jersey company with its sole place of business in the State of New Jersey. Gerald Gorman and Gary Millin are the two principal owners of World Media.

15. World Media and its commonly controlled predecessor in interest have been using the mark EDIBLES throughout the United States since at least as early as 2008.

16. World Media owns various intellectual property assets related to the mark EDIBLES. Specifically, World Media owns all the rights in U.S. Trademark Registration No. 3,763,049 for the mark EDIBLES for use in connection with "Computer application software for mobile phones" in class 9. The registered mark has a first use dating back to August 6, 2008.

17. World Media renewed U.S. Registration No. 3,763,049 on April 27, 2019. Accordingly, U.S. Registration No. 3,763,049 is in full force and effect and has become

incontestable, thereby granting the owner the exclusive right to use the registered mark EDIBLES in commerce for the goods and services covered by the registration.

18. World Media owns and operates a mobile application entitled "EDIBLES" that falls within the scope of its registration:



19. World Media's mobile application "EDIBLES" is a nutrition application that provides nutrition data sourced from the U.S. Department of Agriculture.

20. Defendant Edible Arrangements sells, *inter alia*, fruit baskets under the name Edible Arrangements.

21. In connection with its fruit basket business, Edible Arrangements operates a website online (ediblearrangements.com) that advertises its mobile application entitled "Edible Arrangements":



22. Upon further information and belief, the "Edible Arrangements" mobile application appears as simply "Edible" once downloaded onto a mobile phone:



23. Upon information and belief, Edible Arrangements International is the owner of the mobile application.

24. Upon further information and belief, Edible Arrangements International is also the owner of the mobile application entitled "edible STRONGER together":



25. Upon information and belief, Defendant Netsolace owns the mobile application entitled "Edible Go!":



26. Defendants are presently using the term EDIBLE in connection with application software for mobile phones.

27. This use by Defendants is likely to cause confusion with the business of World Media, and prospective users of World Media's mobile application are likely to assume that Defendants are either part of Plaintiff's organizations or have been authorized by Plaintiff.

28. World Media believes and alleges that Defendants have infringed on World Media's trademark, engaged in unfair competition, false designation of origin and palming off, and committed deceptive trade practices for the mark asserted in this litigation against Defendants, namely, U.S. Registration No. 3,763,049.

**FIRST CLAIM FOR RELIEF**
**Infringement Of Federally Registered Mark**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-28, as if fully set forth herein.

30. Defendants' use of the mark EDIBLE in its mobile applications constitutes an infringement of Plaintiff's trademark EDIBLES that is likely to cause confusion and mistake in the minds of consumers and users as to the source of the services, in violation of 15 U.S.C. § 1114, and use of a counterfeit mark in connection with goods under 15 U.S.C. § 1116.

31. Defendants' activities complained of constitute willful and intentional infringement of Plaintiff's federal incontestable trademark registration in total disregard of Plaintiff's rights. Defendants' infringing activities will continue and have continued despite Defendant's knowledge that the EDIBLES mark was federally registered in connection with applications for mobile phones.

32. Defendants' infringement has irreparably injured Plaintiff's goodwill.

33. Plaintiff has no adequate remedy at law. Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff's trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

## SECOND CLAIM FOR RELIEF
### Violation Of Section 43(a) Of The Lanham Act

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-33, as if fully set forth herein.

35. Defendants' use of the mark EDIBLE in its mobile applications are confusingly similar to and competitive with Plaintiff's use of the EDIBLES mark for such goods and constitutes the use of false designations of origin and false descriptions or representations, which tend to falsely describe or represent Defendants' services, and Defendants have caused their goods to be available in commerce with full knowledge of the falsity of such designations of origin, all to the detriment and damage of Plaintiff.

36. Defendants' infringement has irreparably injured Plaintiff's goodwill.

37. Plaintiff has no adequate remedy at law. Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff's trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

## THIRD CLAIM FOR RELIEF
### Common-Law Trademark Infringement And Unfair Competition

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-37, as if fully set forth herein.

39. Defendants by their acts alleged above, have willfully, knowingly, and intentionally engaged in acts constituting unfair competition under the common law of the State of New Jersey.

40. Upon information and belief, Defendants are improperly trading on the reputation and goodwill of Plaintiff and its association with the EDIBLES trademark.

41. Defendants' infringement has irreparably injured Plaintiff's goodwill.

42. Plaintiff has no adequate remedy at law. Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff's trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition Under N.J.S.A. § 56:4-1

43. Plaintiff repeats and realleges the allegations as set forth in paragraphs 1-42, as if fully set forth herein.

44. Despite the public recognition of the World Media's EDIBLES Mark, Defendants traded on the goodwill associated with such trademark.

45. Defendants have appropriated for their own use a name, brand, trademark, reputation, or goodwill of World Media in whose goods, namely mobile applications, Defendants deal, in violation of N.J.S.A. § 56:4-1.

46. Plaintiff has no adequate remedy at law. Defendants' conduct has caused, and if not enjoined, will continue to cause immediate and irreparable damage to World Media's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff World Media Group, LLC pray for the following relief:

A. a permanent injunction enjoining the Defendants, their officers, employees, servants, and agents, and all persons in active concert, privity, or participation with them, from employing the mark EDIBLE or any other name or trademark that contains the word EDIBLE or would be confusingly similar to Plaintiff's trademark EDIBLES, for or in connection with any mobile applications;

B. an accounting to determine any profits Defendants have made in connection with their services provided in connection with the infringing EDIBLE marks and an award to Plaintiff of such profits;

C. an award of compensatory damages arising out of Defendants' infringement and trebling of such award, as provided by 15 U.S.C. § 1117;

D. an award to Plaintiffs of their reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

E. such other and further relief as the Court may deem just and necessary.

                Respectfully submitted,

                LERNER, DAVID, LITTENBERG,
                 KRUMHOLZ & MENTLIK, LLP
                *Attorneys for Plaintiff World Media Group, LLC*

Dated: January 18, 2022        By: s/ Gregg A. Paradise
                                             Gregg A. Paradise
                                             Tel: 908.654.5000
                                             E-mail: gparadise@lernerdavid.com
                                                           litigation@lernerdavid.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, the related case *Edible IP, LLC et al v. World Media Group, LLC*, Civil Action No. 3:20-cv-19178, is currently before this Court.

Dated:   January 18, 2022

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff World Media Group, LLC*

By:   s/ Gregg A. Paradise
      Gregg A. Paradise
      Tel:   908.654.5000
      E-mail: gparadise@lernerdavid.com
             litigation@lernerdavid.com